UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13

ANNETTE PICCIANO
    Debtor

: CASE NO. 2013-17864

ANNETTE GRACE PICCIANO
    Movant

US BANK TRUST NATIONAL
ASSOCIATION, AS TRUSTEE OF THE
SGIC SERIES III TRUST            :

## REPLY TO NEW MATTER

26.    Admitted that a modification was completed for this loan in January 2018, which reduced the escrow to zero and brought the account current as of January 1, 2018. By way of further answer, Bankruptcy Rule of Procedure 3002.1 provides at Paragraph C "The holder of the claim shall file and serve on the Debtor, Debtor's counsel and the Trustee a notice itemizing all fees, expenses or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts a recoverable against the Debtor or against Debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses or charges are incurred. It is specifically denied that the negative escrow account balance of $29,328.24 was incurred within 180 days of the notice of mortgage payment change.

27. Admitted.

28. Admitted that prior service filed a notice of mortgage payment change for 2018 increasing the escrow to $433.57. It is denied that the increased escrow was "insufficient to pay 2018 real estate taxes and homeowner's insurance". It is denied that an escrow deficit exists for 2018 or that if such deficit was incurred in the last 180 days.

29. Denied. Answering Debtor is without information sufficient to form an opinion as to the "starting escrow balance," or how the amount was calculated.

30. Answering Debtor is without knowledge to form a belief as to the "actual starting escrow balance." To the contrary, the escrow balance was zero and the account were brought current January 1, 2018.

31. Denied that the required starting balance for the escrow account plus deficit from 2018 totals $8,092.24. To the contrary, the escrow was brought current January 1, 2018. Denied that Debtor had the option of paying the "escrow shortage" in a lump sum or paying escrow shortage over 12 months.

32. Admitted.

33. Denied. Denied that real estate taxes and homeowners insurance will total $17,413 during 2019. Denied that US Bank Trust National Association has justified charging Debtor $17,413 in escrow in 2019. Strict proof thereof is demanded at time of trial.

34. Denied that the current escrow shortage exists. Denied that an escrow shortage existed prior to January 1, 2018. To the contrary, the notice of mortgage payment

change appears to be based on a negative escrow account balance of $29,328.24, which sum has been left unexplained.

Wherefore, Annette Picciano respectfully requests that the Court determine whether payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5) of the Code.

>EASTBURN & GRAY, P.C.
>
>By: */s/David L. Marshall*
>
>David L. Marshall, Esquire
>Attorney I. D. No. 19356
>Eastburn and Gray, P.C.
>60 East Court Street
>Doylestown, Pa. 18901
>(215)345-7000 - Telephone
>(215)345-9142 – Facsimile
>dmarshall@eastburngray.com
>Attorneys for Debtors

Date: November 20, 2018